## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 12 2016, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryant Hughes
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 12, 2016

Court of Appeals Case No.
49A02-1602-CR-217

Appeal from the Marion County
Superior Court

The Honorable Jose Salinas, Judge

Trial Court Cause No.
49G14-1504-F6-12426

**Vaidik, Chief Judge.**

# Case Summary

[1] Following a bench trial, Bryan Hughes was found guilty of Level 6 felony possession of cocaine. Hughes now appeals, arguing that the evidence is insufficient to support his conviction. We affirm.

# Facts and Procedural History

[2] Around midnight on April 10, 2015, Officers Jon King and Melissa Lemrick of the Indianapolis Metropolitan Police Department arrived at Hughes' home to serve Hughes with an arrest warrant. When the officers arrived, Hughes was sitting on his front porch talking with a neighbor, who was standing in the grass. The porch was dark so the officers used their flashlights. The officers placed Hughes under arrest. In a search incident to arrest, Officer King began removing Hughes' personal belongings from his pockets and placing them on a chair on the porch. Before placing the items on the chair, Officer King confirmed that the chair was empty. While Officer King was still emptying Hughes' pockets, Officer Lemrick pointed out on the chair a small plastic bag with a white substance in it, which both she and Officer King immediately recognized as cocaine. Tr. p. 9. Hughes was arrested for possession of cocaine. The white substance was later tested and confirmed to be 0.24 grams of cocaine.

[3] The State charged Hughes with Level 6 felony possession of cocaine. During the bench trial, Hughes testified that he did not have a bag of cocaine in his

pockets and that he had no knowledge of where the cocaine came from. *Id.* at 27. The trial court found him guilty:

> I will note for the record that I think the testimony was pretty clear that when the officer conducted a patdown of the Defendant, he pulled things out – handfuls of things out of the Defendant's pocket and put them on the chair. He noted for the record pretty clear that there was nothing on the chair prior to starting the search.
>
> He did not – while I'm going to concede that he did not say, I knew what was in there when I pulled it out immediately – it had had to be pointed out to him by the second officer – it was pretty clear that nothing was on – he said nothing was on the chair prior, and that the substance was noted by the second officer as part of the stuff that was on the chair where the officer put it – where the officer was conducting a patdown was putting the things.
>
> So the logical and reasonable conclusion was that the item, the contraband, came out of the Defendant's pocket.

*Id.* at 42-43.

[4] Hughes now appeals.

# Discussion and Decision

[5] Hughes contends that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d

133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

[6] A conviction for possession of cocaine may rest upon either actual or constructive possession. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. A person actually possesses contraband when he has direct physical control over it. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). "But a conviction for a possessory offense does not depend on catching a defendant red-handed." *Id.*

[7] We find that the State presented sufficient evidence to prove that Hughes had actual possession of the cocaine.[1] At trial, Officer King testified that it was dark outside, that he and Officer Lemrick were using flashlights in order to see, that the chair was empty before he placed Hughes' personal items on the chair, that he was the only one putting things in the chair, and that he was removing "handfuls" of things from Hughes' pockets. Tr. p. 8, 15, 16, 18. Officer King also testified that Officer Lemrick called Officer King's attention to the small

---

[1] Because we find that the evidence is sufficient to prove that Hughes had actual possession of the cocaine, we do not address his constructive-possession argument.

bag of cocaine only after Hughes' personal effects were on the chair. *Id.* at 9, 12.

[8]    Nevertheless, Hughes argues that we should reverse because, even though Officer King testified on direct examination that Officer Lemrick pointed out the bag of cocaine "on the chair," *id.* at 9, he testified on cross-examination that he could not recall if the bag was on the chair or in Officer Lemrick's hand when he first saw it, *id.* at 17. However, the trial court heard all of this testimony and expressly concluded that "when [Officer King] conducted a patdown of the Defendant . . . nothing was on the chair prior, and that the substance was noted by the second officer as part of the stuff that was on the chair where [Officer King] put it . . . ." Tr. p. 42-43. This Court will not reweigh the evidence nor determine the credibility of witnesses; that role is reserved for the finder of fact. *See Bailey*, 979 N.E.2d at 135.

[9]    Based on the evidence, the trial court could reasonably conclude that the cocaine found came from Hughes' pockets and was therefore in his actual possession.[2] The evidence is sufficient to support Hughes' Level 6 felony conviction for possession of cocaine.

---

[2] Hughes cites *Boarman v. State*, 509 N.E.2d 177 (Ind. 1987), and *Polk v. State*, 683 N.E.2d 567 (Ind. 1997), arguing that his circumstances are different. We disagree. In both *Boarman* and *Polk*, officers confirmed at the start of their shifts that no contraband was present in the backseats of their cars, before Boarman and Polk were placed in the backseats. After Boarman and Polk were taken out of the cars, contraband was found in the backseats. The Indiana Supreme Court held that this was sufficient to convict both defendants of actual possession of drugs. Similar to *Boarman* and *Polk*, Officer King confirmed that there was nothing in the chair

Affirmed.

Baker, J., and Najam, J., concur.

---

before emptying the contents of Hughes' pockets onto the chair where cocaine was subsequently found with Hughes' other personal effects.